Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2433 | **DATE** | 2/12/2002 |
| **CASE TITLE** | JOSE A. ARELLANO vs. HOUSEHOLD FINANCE CORP. III | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendant's motion to stay the case pending arbitration[12-1] is granted contingent upon defendant's pledge to pay in advance any and all arbitration costs (other than attorney's fees) related to plaintiff's claims. Defendant's motion, in the alternative, to dismiss the case is denied [12-2]. Plaintiff's motion to strike is denied [29-1]. All other pending motions are dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 13 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | 15 docketing deputy initials | 31 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 02 FEB 12 PM 1:37 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOSE A. ARELLANO,

    Plaintiff,

v.

HOUSEHOLD FINANCE
CORPORATION III,

    Defendant.

01 C 2433

Judge Ronald A. Guzmán

## MEMORANDUM OPINION AND ORDER

Plaintiff José A. Arellano filed a complaint alleging violations of the Truth in Lending Act ("TILA") by defendant Household Finance Corporation ("Household"). In response, defendant filed a motion to dismiss or stay[1] plaintiff's claim pending arbitration of the dispute. Plaintiff has filed a motion to strike a portion of defendant's reply brief or to file a surreply. For the reasons set forth in this opinion, plaintiff's motion to strike is denied and defendant's motion to stay proceedings pending arbitration is granted.

### Facts

On December 21, 1999, plaintiff obtained two mortgage loans from Household, numbered originally as loans 414401-364389 (the "1999 Loan") and 414401-12-115554. (Am. Compl. ¶ 8.) The 1999 Loan was in the principal amount of $128,998.79, and was

---

[1] Although defendant has asked the Court in the alternative to dismiss the case while the parties submit to arbitration, the Federal Arbitration Act, 9 U.S.C. § 3, and the facts of this particular case permit the Court to stay the litigation rather than to dismiss it. *See Kroll v. Doctor's Assocs., Inc.*, 3 F.3d 1167, 1172 (7th Cir. 1993).

secured by a lien on plaintiff's residence. (*Id.* ¶ 9.) As part of the application process for this loan, plaintiff signed a document entitled "Arbitration Rider". (Def.'s Mem. Law Supp. Mot. Dismiss/Stay Proceedings (hereinafter "Def's Mem. Supp."), Ex. A, "Arbitration Rider", at 1.) The document was also signed by Carlos Arellano and Norma Arellano.[2] (*Id.*) The Arbitration Rider provided in part that:

> This Arbitration Rider is signed as part of your Agreement with Lender and is made a part of that Agreement. By signing this binding Arbitration Rider, you agree that either Lender or you may request that any action, dispute, claim or controversy of any kind whether contract or tort, statutory or common law, legal or equitable (the "Dispute") arising out of, pertaining to or in connection with any document signed in connection with the loan evidenced by the Agreement or any Dispute arising out of the making, servicing or collection of the loan may be resolved by binding arbitration . . . .

(*Id.*) The Arbitration Rider was explicitly incorporated into the 1999 Loan agreement by both its language and that of a document entitled "Loan Repayment and Security Agreement". (*Id.*; Am. Compl. Ex. B, "Loan Repayment and Security Agreement", at 3.)

On November 24, 2000, plaintiff obtained a third loan ("the 2000 Loan"), numbered upon confirmation as 414401-373667 to refinance his mortgage. (Am. Compl. ¶ 20.) As with the previous loans, plaintiff signed a document entitled "Arbitration Rider" that provided in part that:

> By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counterclaims, and third party claims, arising

---

[2] Plaintiff has not identified the exact relationship between him and his cosigners.

2

> from or relating to this Agreement or the relationships
> which result from this agreement, including the validity or
> enforceability of this arbitration clause, any part thereof or
> the entire Agreement ("Claim"), shall be resolved, upon the
> election of you or us, by binding arbitration pursuant to this
> arbitration provision and the applicable rules or procedures
> of the arbitration administrator selected at the time the
> Claim is filed.

(Def.'s Mem. Supp., Ex. B, "Arbitration Rider", at 1.) As with the previous arbitration agreement, the document was also signed by Carlos Arellano and Norma Arellano. (*Id.* at 2.) This Arbitration Rider was explicitly incorporated into the 2000 Loan agreement by both its language and that of a document entitled "Loan Repayment and Security Agreement". (*Id.* at 1; Am. Compl. Ex. J, "Loan Repayment and Security Agreement", at 3).

On March 26, 2001, plaintiff sent defendant a letter announcing his intent to rescind all of the transactions that he and defendant had completed. (Am. Compl., Ex. M, Letter from Edelman to Household of 3/26/01, at 1.) Plaintiff then filed suit to recover damages, clear the title to his property and to obtain a declaratory judgment confirming the validity of his rescission. (Am. Compl. ¶ 1.) Plaintiff is also asking the Court to declare that all persons who have signed similar loan documents have a right to rescind their transactions. (*Id.* ¶¶ 37, 40.) Defendants subsequently moved to stay or dismiss the proceedings pending arbitration of the dispute.

## Discussion

Household brings its motion pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (West 2001), arguing that the plaintiff, by signing the two "Arbitration

3

Rider" documents, agreed to resolve through arbitration any claim against Household relating to his mortgage loans. The FAA provides that federal court proceedings shall be stayed where the dispute is "referable to arbitration" under a written arbitration agreement. 9 U.S.C. § 3. Whether an issue is referable to arbitration, such that a stay of judicial proceedings is appropriate, is a question of contract interpretation, for "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995) (quoting *Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 390 (7th Cir. 1984)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998); *Flexible Mfg. Sys. Party, Ltd. v. Super Prods. Corp.*, 86 F.3d 96, 99 (7th Cir. 1996).

Claims made pursuant to a federal statute can be made subject to arbitration agreements. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). And, in fact, federal policy favors the enforcement of such agreements. *Washburn v. Societe Commerciale de Reassurance*, 831 F.2d 149, 150 (7th Cir. 1987) (citations omitted). Consequently, the party opposing arbitration bears the burden of proving that the claim at issue is not referable to an arbitration forum. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000). Plaintiff essentially makes six arguments in opposition to defendant's motion: (1) the arbitration agreement was fraudulently represented by defendant, (2) the arbitration agreement is unconscionable, (3) the entire

4

contract, including the arbitration agreement, was rescinded by plaintiff, (4) the arbitration agreement unlawfully waives plaintiff's statutory rights under TILA, (5) the costs of arbitration are prohibitively expensive, and (6) the arbitration agreement does not apply to plaintiff's requested relief.

### A. Prohibitive Costs

As an initial matter, the Court considers plaintiff's arguments that arbitration would be prohibitively expensive, and that defendant's offer to pay the costs of arbitration was raised too late to be considered by the Court.

Plaintiff correctly points out that arbitration may be inappropriate where a claimant would be burdened with prohibitive arbitration costs. *Green Tree Fin. Corp.*, 531 U.S. at 90-91. Plaintiff also provides a detailed analysis purporting to show that the costs of arbitration in this case would, in fact, be prohibitive. (Pl.'s Objection Def.'s Mot. Dismiss at 15-19.) Defendant argues that, even if the costs of arbitration are prohibitive for plaintiff, the issue has been mooted by defendant's pledge to pay in advance any and all arbitration costs (other than attorney's fees) related to plaintiff's claim. (Def.'s Reply Mem., at 13.)

Plaintiff claims that defendant's offer to pay arbitration costs comes too late to rescue the defendant's motion. (Pl.'s Mot. Strike Def.'s Reply at 2-3.) He cites to several Seventh Circuit cases in which it was held that arguments raised initially in a reply brief are to be considered waived. (*Id.*) However, the Court agrees with defendant that it was plaintiff who first raised the issue of prohibitive costs in his response to defendant's motion. (Pl.'s Objection Def.'s Mot. Dismiss at 15-19.) To strike

5

defendant's reply would deny it the right to respond to substantive arguments made by plaintiff.

Plaintiff's inclusion in his brief of a recent decision by Judge Kennelly is also curious because, at the end of the case, Judge Kennelly remarked that he "would be willing to entertain a motion to reconsider [the Court's ruling denying defendant's motion to compel arbitration]" if the defendants were to agree to bear the costs of arbitration. (Pl.'s Mot. Strike Def.'s Reply App. B, at 10.) Judge Kennelly apparently did not think it would necessarily be too late for the defendant in that case to offer to pay costs after the Court's ruling had already been handed down. This suggests that Household's offer to pay the costs of arbitration in this case and at this stage should not be ignored.

In short, the Court finds that plaintiff will not be required to bear prohibitive arbitration costs in order to pursue his claim because Household has agreed to pay the costs of arbitration. Therefore, the arbitration agreement cannot be invalidated on these grounds.

### B. Fraud & Unconscionability

Plaintiff argues that his signature to the arbitration agreement was procured by fraudulent or procedurally unconscionable means, and that the agreement is therefore invalid. (Pl.'s Objection Def.'s Mot. Dismiss at 3-6.) Ostensibly, plaintiff's argument is not directed at the entirety of the loan transaction, but solely to the validity of the arbitration clause. (*Id.*) This would bring the plaintiff's argument within the Supreme

Court's decision in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).

In that case, the Supreme Court drew a distinction between a challenge directed only at the arbitration clause and to the entire contract including the arbitration clause, and held that "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Id.* at 404. Challenges that are addressed to the validity of the overall contract are to be referred to arbitration. *Id.*

Plaintiff's argument of unconscionability stems from his allegation that he had no reasonable opportunity to know the nature of the arbitration agreement because it is written in English and he understands only Spanish. (Pl.'s Objection to Def.'s Mot. to Dismiss at 5-6.) According to plaintiff's brief, "[p]laintiff is Spanish speaking, a fact which Household was aware of, conducting the entire loan negotiation in Spanish." (*Id.* at 5.) Plaintiff continues that "[a]rbitration agreements written in English, signed by individuals who did not understand English are clearly procedurally unconscionable." (*Id.* at 5-6.) Plaintiff also argues that defendants procured the arbitration agreement by fraud because it is written in English.

Plaintiff attempts to confine these arguments solely to the arbitration clause. However, plaintiff's arguments necessarily call into question the entire loan agreement, including the arbitration clause, because the *entire* loan agreement is printed in English. Although plaintiff notes that the loan negotiations were conducted in Spanish, there is no reason to believe that plaintiff received a verbatim translation of any documents constituting the loan agreement. The alleged defect that purportedly infects only the arbitration clause is, in fact, present throughout the entire transaction. Consequently,

7

because plaintiff questions the validity of the entire loan agreement, and not merely the arbitration clause, the dispute is properly referred to an arbitrator. *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 868 (7th Cir. 1985). Therefore, the Court rejects plaintiff's arguments that fraud and unconscionability preclude the Court from enforcing the arbitration agreement.

### C. Rescission

Plaintiff argues that his claim is not subject to arbitration because he allegedly rescinded the entire loan agreement, including the Arbitration Rider. (Pl.'s Objection Def.'s Mot. Dismiss at 6). Thus, by plaintiff's reasoning, no contract of any kind currently exists between him and defendant.

Plaintiff may be correct in his assertion, but that is not for this Court to decide. "[W]hether an arbitration agreement has, in fact, been rescinded is an issue for the arbitrator, assuming that the scope of the arbitration agreement includes all claims 'related to' that agreement." *Livingston v. Assoc. Fin., Inc.*, No. 01 C 1659, at 1 (N.D. Ill. Jun. 25, 2001); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993); *Dorsey v. H.C.P. Sales, Inc.*, 46 F. Supp. 2d 804, 806 (N.D. Ill. Apr. 20, 1999). The arbitration agreement signed by plaintiff is indeed extraordinarily broad, encompassing not only disputes related to the loan but also to "the validity or enforceability" of the loan agreement itself. (Pl.'s Objection Def.'s Mot. Dismiss App. C, at 1). Therefore, the Court will not decline to enforce arbitration on this ground.

8

### D. Waiver of Statutory Rights

Plaintiff argues that the arbitration agreement is unenforceable because it allegedly results in a deprivation of rights granted by TILA. (Pl.'s Objection Def.'s Mot. Dismiss at 11). However, it is settled law that a claimant acquiescing to arbitration does not "forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

This general principle has been held to apply to TILA claims in previous Northern District cases, *Brown v. Surety Fin. Services, Inc.*, No. 99 C 2405 (N.D. Ill. Mar. 24, 2000); *Thompson v. Illinois Title Loans, Inc.*, No. 99 C 3952 (N.D. Ill. Jan. 11, 2000); *Dorsey v. H.C.P. Sales, Inc.*, 46 F.Supp.2d 804, 806-08 (N.D. Ill. Apr. 20, 1999), as well as TILA claims in other circuits, *see, e.g., Randolph v. Green Tree Fin. Corp.-Alabama*, 244 F.3d 814, 817-18 (11th Cir. 2001); *Stout v. J.D. Byrider*, 228 F.3d 709, 715-16 (6th Cir. 2000), *cert. denied,* 121 S. Ct. 1088 (2001); *Johnson v. West Suburban Bank*, 225 F.3d 366, 373-78 (3d Cir. 2000), *cert. denied sub nom. Johnson v. Tele-Cash, Inc.*, 121 S. Ct. 1081 (2001).

The arbitration agreement signed by plaintiff contains no provision that precludes an arbitrator from awarding the same relief under TILA that would be awarded by a court. (Pl.'s Objection Def.'s Mot. Dismiss App. C, at 1.) In fact, the agreement explicitly allows an arbitrator to "impose sanctions and to take such other actions . . . as could be imposed by a judge." (*Id.*) The agreement also provides for the recognition of statutory time limitations and recovery of fees and costs. (*Id.*) The Court cannot agree

9

with plaintiff that the arbitration agreement is an unenforceable waiver of his rights under TILA.

Nor can plaintiff succeed with the argument that the arbitration agreement is invalid because it does not allow for representative actions. Plaintiff cites to TILA, 15 U.S.C. § 1640, to claim that he has a statutory right to seek class relief. (Pl.'s Objection Def.'s Mot. Dismiss, at 13-15.) However, contrary to plaintiff's argument, Congress has not imbued TILA with any such entitlement. Section 1640 only places a limit on class action liability – it does not guarantee the availability of such relief. *Thompson v. Illinois Title Loans, Inc.*, No. 99 C 3952 (N.D. Ill. Jan. 11, 2000); *Lopez v. Plaza Fin. Co.*, 95 C 7567 (N.D. Ill. Apr. 25, 1996); *see also Green Tree Fin. Corp.*, 244 F.3d at 817-18; *Stout*, 228 F.3d at 716; *Sagal v. First USA Bank, N.A.*, 69 F. Supp. 2d 627, 631-32 (D. Del. 1999), *aff'd*, 254 F.3d 1078 (3d Cir. 2001). Accordingly, plaintiff's objection to the lack of class relief in this particular case is not a valid reason to prevent this Court from staying the case in order to enforce the arbitration agreement.

### E. Inapplicability of Arbitration Agreement to Relief Requested

Plaintiff argues that the arbitration agreement does not contemplate the relief he has requested and that therefore it is unenforceable. Plaintiff cites the following passage from the agreement: "No provision of, nor the exercise of any rights under this Arbitration Rider shall limit the right of any party during the pendency of any Claim, to seek and use ancillary or preliminary remedies, judicial or otherwise, for the purposes of realizing upon, preserving, protecting or foreclosing upon any property involved in any Claim or subject to the loan documents." (Pl.'s Objection Def.'s Mot. Dismiss Ex. C.)

10

Plaintiff's argument is that the relief he has requested is a declaration that his title is clear of any encumbrances and that such a declaration is an "ancillary" remedy exempt from arbitration. However, plaintiff has in fact requested that the Court enter a judgment that would, among other things, invalidate the entire loan agreement made between the parties. (Am. Compl., at 6.) Furthermore, as previously noted, the arbitration clause is extremely broad, encompassing "any action, dispute, claim or controversy of any kind," including "the validity or enforceability" of the arbitration agreement. (Pl.'s Objection Def.'s Mot. Dismiss Ex. C.) If the Court were to hold that plaintiff's claim is for ancillary relief, the exception would swallow the rule, and the arbitration agreement would be essentially meaningless. Accordingly, the Court finds this argument, as well as the others raised by plaintiff in response to the instant motion, without merit.

## Conclusion

For the forgoing reasons, defendant's motion to stay the case pending arbitration [doc. no. 12-1] is granted contingent upon defendant's pledge to pay in advance any and all arbitration costs (other than attorney's fees) related to plaintiff's claims. Defendant's motion, in the alternative, to dismiss the case is denied [doc. no. 12-2]. Plaintiff's motion to strike is denied [doc. no. 29-1]. All other pending motions are dismissed as moot.

**SO ORDERED**          **ENTERED:** 2/12/02

*/s/ Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**